IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CR-98-94-D |
| | ) | |
| IRIS COLLETTE JACKSON, | ) | |
| | ) | |
| Defendant. | ) | |

**O R D E R**

Before the Court is Defendant Iris Collette Jackson's *pro se* filing of a document entitled, "Audita Querela" [Doc. No. 189]. Liberally construed, the Court understands this filing to be a petition for a writ of audita querela under the All Writs Act, 28 U.S.C. § 1651(a). Defendant seeks relief from a prison sentence first imposed in December, 1998, for numerous drug offenses involving cocaine base. Her initial 360-month sentence was later vacated and remanded in light of *Apprendi v. New Jersey*, 530 U.S. 466 (2000). *See Jackson v. United States*, 531 U.S. 1033 (2000); *see also United States v. Jackson*, 240 F.3d 1245 (10th Cir. 2001) . Upon resentencing in February, 2002, Defendant received the same prison sentence, which was affirmed in March, 2003. *See United States v. Jackson*, 60 F. App'x 726 (10th Cir.), *cert. denied*, 540 U.S. 851 (2003). Recently, on April 19, 2012, the Court ordered the reduction of Defendant's sentence pursuant to 18 U.S.C. § 3582(c)(2) based on Amendment 750 to the United States Sentencing Guidelines.[1]

By her petition, Defendant seeks to obtain the benefit of the Supreme Court's ruling in *United States v. Booker*, 543 U.S. 220 (2005), that the United States Sentencing Guidelines are merely advisory and not mandatory. She expressly seeks relief under the All Writs Act because the

---

[1] The Court granted a Joint Motion filed through defense counsel that had been appointed to assist Defendant with a previously filed *pro se* motion.

one-year time limit for her to file a motion under 28 U.S.C. § 2255 had expired before *Booker* was decided. Defendant asserts that this means of seeking relief was authorized by the court of appeals in *United States v. Torres*, 282 F.3d 1241 (10th Cir. 2002), because she has no remedy under § 2255.

Defendant is mistaken. The court of appeals held in *Torres* that "a writ of audita querela is not available to a petitioner when other remedies exist, such as a motion to vacate sentence under 28 U.S.C. § 2255." *See Torres*, 282 F.3d at 1245 (internal quotation and citations omitted). "The exclusive remedy for testing the validity of a judgment and sentence, unless it is inadequate or ineffective, is that provided for in 28 U.S.C. § 2255." *Johnson v. Taylor*, 347 F.2d 365, 366 (10th Cir. 1965); *see Caravalho v. Pugh*, 177 F.3d 1177, 1178 (10th Cir. 1999) ("28 U.S.C. § 2255 is the exclusive remedy for a federal prisoner attacking the legality of his detention."); *see also United States v. Guerrero*, 415 F. App'x 858, 859 (10th Cir. 2011).[2] Because Defendant is challenging the validity of her sentence, a § 2255 motion is the proper remedy; she cannot avoid the statute "by simply styling a petition under a different name." *Torres*, 282 F.3d at 1246; *see also United States v. Gonzalez*, 152 F. App'x 743, 746, (10th Cir. 2005). The fact that a § 2255 motion would be time-barred does not render that remedy inadequate or ineffective. *See Sines v. Wilner*, 609 F.3d 1070, 1073 (10th Cir. 2010); *Caravalho*, 177 F.3d at 1178.[3]

In any event, assuming that a writ of audita querela were available to Defendant, she does not allege circumstances that would warrant this extraordinary remedy. *See United States v. Thody*, 460 F. App'x 776, 778, n.3 (10th Cir. 2012) (noting that the availability of this writ remains an open question); *Bedolla-Izazaga v. United States*, 413 F. App'x 20, 21 (10th Cir. 2011( (same). A lack

---

[2] Unpublished opinions are cited in this Order pursuant to Fed. R. App. P. 32.1(a) and 10th Cir. R. 32.1.

[3] Because Defendant clearly requests a writ and argues that § 2255 relief is foreclosed by the limitations period of § 2255(f)(3), the Court declines to recharacterize the petition as a § 2255 motion.

of diligence in pursuing relief may stand as a bar to issuance of a writ. *See United States v. Ballard*, 334 F. App'x 141, 143 (10th Cir. 2009); *see also Thody*, 460 F. App'x at 778. Further, the claim that Defendant seeks to raise is foreclosed by binding precedent holding that *Booker* does not apply retroactively to criminal judgments that became final before January 12, 2005. *See United States v. Bellamy*, 411 F.3d 1182, 1184 (10th Cir. 2005).

For these reasons, the Court finds that Defendant's request for a writ of audita querela should be denied. Under the circumstances, the Court declines to construe the request as one for relief under § 2255. *See United States v. Valadez-Camarena*, 402 F.3d 1259, 1261 (10th Cir. 2005).

IT IS THEREFORE ORDERED that Defendant's petition for a writ of audita querela [Doc. No. 189] is DENIED.

IT IS SO ORDERED this 7th day of August, 2012.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE