IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CR-98-94-D |
| | ) | |
| IRIS COLLETTE JACKSON, | ) | |
| | ) | |
| Defendant. | ) | |

**O R D E R**

Before the Court is Defendant Iris Collette Jackson's *pro se* filing of a document entitled, "Motion for Relief of a Newly Recognized Right by the Supreme Court" [Doc. No. 210]. Liberally construed, Defendant seeks relief from a prison sentence imposed in February, 2002, based on a recent decision of the United States Supreme Court, *Alleyne v. United States*, 133 S. Ct. 2151 (2013).[1] At the Court's request, the government has responded to the Motion, and its response confirms the Court's reading, that is, the Motion seeks relief that would be available to Defendant, if at all, by a motion for relief from her sentence under 28 U.S.C. § 2255.

Despite the length of time since Defendant's conviction and her numerous post-conviction filings, a review of the case record reveals that Defendant has not previously filed a § 2255 motion.[2] The government argues that the motion is procedurally barred from consideration by application of

---

[1] Defendant's original sentence was imposed in 1998, but vacated in light of *Apprendi v. New Jersey*, 530 U.S. 466 (2000). *See Jackson v. United States*, 531 U.S. 1033 (2000); *United States v. Jackson*, 240 F.3d 1245 (10th Cir. 2001). Upon remand for resentencing, the same prison sentence was imposed in 2002, and affirmed in March, 2003. *See United States v. Jackson*, 60 F. App'x 726 (10th Cir.), *cert. denied*, 540 U.S. 851 (2003). Most recently, in April, 2012, Defendant's prison sentence was reduced pursuant to 18 U.S.C. § 3582(c)(2) based on Amendment 750 to the Sentencing Guidelines.

[2] Defendant filed a petition for a writ of audita querela under the All Writs Act, 28 U.S.C. § 1651(a), seeking to obtain the benefit of the Supreme Court's ruling in *United States v. Booker*, 543 U.S. 220 (2005). The Court denied the petition, and declined to construe it as a § 2255 motion. *See* Order of Aug. 6, 2012 [Doc. No. 196].

§ 2255(f). Upon consideration, the Court finds this argument, although perhaps correct, to be premature. When a district court elects to characterize a *pro se* motion as a § 2255 motion, certain procedural safeguards are mandated by *Castro v. United States*, 540 U.S. 375 (2003).[3] The Supreme Court in *Castro* limited the authority of district courts to recharacterize a *pro se* motion that does not expressly invoke § 2255 if it would be the litigant's first § 2255 motion, stating as follows:

> In such circumstances the district court must notify the *pro se* litigant that it intends to recharacterize the pleading, warn the litigant that this recharacterization means that any subsequent § 2255 motion will be subject to the restrictions on "second or successive" motions, and provide the litigant an opportunity to withdraw the motion or to amend it so that it contains all the § 2255 claims he believes he has.

*Id.* at 383. Although this procedure appears to serve little useful purpose under the circumstances of this case, this Court believes the wiser course is to employ the mandatory procedure in all cases to which it applies under the terms of *Castro*.

Accordingly, the Court advises Defendant that the relief sought by her Motion is available, if at all, only by a motion to vacate, set aside, or correct her sentence under 28 U.S.C. § 2255. Defendant may elect either to withdraw her pending Motion or to have it characterized and considered by the Court as a § 2255 motion. In considering these two options, Defendant should consider that, if she proceeds with a motion under § 2255, a subsequent motion would be considered a second or successive motion subject to the restrictions of § 2255(h) and 28 U.S.C. § 2244.

IT IS THEREFORE ORDERED that Defendant must advise the Court in writing whether she wishes to withdraw her "Motion for Relief of a Newly Recognized Right by the Supreme Court" or proceed with the motion as one filed under 28 U.S.C. § 2255. If no written notice of her election

---

[3] The Tenth Circuit had previously adopted a similar procedure in *United States v. Kelly*, 235 F.3d 1238, 1241 (10th Cir. 2000).

is received by November 6, 2013, the Court will consider Defendant's Motion for Relief [Doc. No. 210] as a § 2255 motion.

IT IS SO ORDERED this 9th day of October, 2013.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE